UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Dunston Reyes, | ) C/A No. 8:05-1807-MBS-BHH |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Spartanburg County Detention Center;<br>Larry Powers;<br>Officer Corp Wages;<br>Officer Lucores;<br>Inmate Pamela K. Guilt; and<br>Warden, | ) |
| Respondents. | ) |

The petitioner, Phillip Dunston Reyes (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 1361 and /or § 1651 for a writ of mandamus.[1] Petitioner is incarcerated at the Spartanburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner claims false charges have been brought against him by the Respondents concerning an incident with a female inmate while at the courthouse. Petitioner seeks "an internal investigation" by the court, and to "bring all the Respondents before your court to answer charges on fabricateing [sic]] evidence, false arrest, reckless [word illegible] etc. and I'd like your court to override the District Court and dismiss this bogus case against me." Petition at 6.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner files for a Writ of Mandamus in an attempt to dismiss pending criminal charges against him. Mandamus is a drastic remedy to be used only in extraordinary circumstances. *See* Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). "The authority of federal courts to issue extraordinary writs derives from the 'all writs statute,' 28 U.S.C. § 1651." Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Title 28 U.S.C. 1651(a) provides, in pertinent part, that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Mandamus relief is also available pursuant to 28 U.S.C. § 1361, which states "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Petitioner fails to state a claim for mandamus relief under either of these statutes.

### Writ Of Mandamus Under 28 U.S.C. § 1361

The writ of mandamus under 28 U.S.C. §1361 is designed to enforce ministerial duties of employees or agencies of the United States government. The Defendants are not agencies of the United States government and therefore are not subject to mandamus under this statute. Petitioner cannot obtain a Writ of Mandamus under 28 U.S.C. § 1361 against the named Defendants.

### Writ Of Mandamus Under 28 U.S.C. § 1651

The so-called "All Writs" statute recognized as a drastic remedy to be used only in extraordinary circumstances. Allied Chemical Corp. v. Daiflon, 449 U.S. 33 (1981). The

writ of mandamus is infrequently used by federal courts, and usually in aid of their own jurisdiction. Gurley v. Superior Court of Mecklenburg County, 411 F.2d at 586. The statute is not a vehicle whereby jurisdiction may be acquired.

In Gurley v. Superior Court of Mecklenburg County, supra, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in Gurley denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley v. Superior Court of Mecklenburg County, 411 F.2d at 587.

The holding in Gurley was adopted by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74 (2nd Cir. 1988), holding that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. See also Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983), and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). It was, therefore, subject to summary dismissal. Craigo v. Hey, 624 F. Supp. at 414.

Petitioner has remedies available under the law of South Carolina to defend against the criminal charges pending against him. Petitioner requests that this court intervene in state criminal proceedings, which is solely the province of the state prosecutorial authority. A state criminal proceeding that has resulted in a conviction and has been exhausted through the state court is appropriately brought into federal court under the habeas statute 28 U.S.C. § 2254. Petitioner has not been convicted and has not pursued state court remedies to challenge any conviction. Petitioner's resort to federal court is premature, and his pursuit of mandamus relief is futile. Absent extraordinary circumstances, federal courts are not authorized to intervene in pending state court proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971). The United States Court of Appeals for the Fourth Circuit has ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). Petitioner's request for a Writ of Mandamus is without merit.

## Recommendation

It is recommended that the petition be dismissed without prejudice and without issuance of service of process. The Petitioner's attention is directed to the notice on the next page.

Respectfully Submitted,

s/Bruce H. Hendricks
United States Magistrate Judge

June 30, 2005
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 10768**
**Greenville, South Carolina 29603**